BEARSE, (UNITED STATES v.) See Case No. 14,552.

BEATAUGA v. NICHOLSON. See Case No. 1,194.

# Case No. 1,194.
## BEATAUGH v. NICHOLSON.
[19 Betts, D. C. MS. 215.]

District Court, S. D. New York. April 30, 1851.

SEAMEN—PILOTS—TRESPASS—DAMAGES—WAGES.

[1. A licensed pilot, employed to take a ship out of port, and remain with her, and bring her in on the return voyage for an agreed compensation, is as much subject to the authority of the master as to discipline as any member of the ship's company, though he is not liable to do ship's duty except when in charge of her as pilot.]

[2. Where such pilot was ordered by the master to leave the quarter deck, and refused to do

so, and the master undertook to put him off, but used force enough to throw him on the deck, this is a trespass, for which the master is liable to the pilot in damages.]

[3. The master is not justified in ordering the pilot ashore thereupon, and leaving him; and he is entitled to recover his full agreed wages.]

[At law.  Libel by Samuel Beataugh against John T. Nicholson for wages and damages for assault.  Decree for libelant.]

[Before BETTS, District Judge.]

A licensed pilot, when on board a sea-going steamer, to take her out of this harbor, and go the voyage, remaining with her for the purpose of bringing her into port, for a compensation in gross of $80, is not liable to do ship's duty, except when in charge of her officially as pilot. Any command or request in respect to his services on board may be communicated to him through the mate or other subalterns of the ship, and need not be delivered him personally by the master; and accordingly a request to him, through the chief mate or carpenter, to stand a night watch, in a case of urgency, affords him no grounds for complaint or reproach to the master. If he goes on the quarter deck to make complaint therefor to the captain, and is ordered off the deck by the captain, he is bound to obey the order, and must take his place in such part of the ship as the master shall direct. The authority of the master in respect to the discipline and rules of the ship are the same over such pilot as over any other person on board. If he refuses to leave the quarter deck, or neglects to do so on the express order of the master, the latter is justified in applying so much force as may be necessary to compel obedience, but no more. The result of the conflicting evidence on this point shows that the master employed more violence than was necessary in removing the pilot from the quarter deck; and he is therefore guilty of a trespass. This violence consisted only in pushing the pilot forward, (in doing which both tripped, and the pilot fell on the deck, and the master partly so); and being accompanied with no other force or injury, the damages should be scarcely more than nominal. Decreed $10 damages for the trespass.

Held, that the master was not justified in thereupon ordering the pilot ashore, and leaving him at Chagres, and that he is entitled to recover his full agreed wages, and also the expenses to which he was necessarily subjected whilst at Chagres, and in returning home. Ordered, a reference to ascertain those expenses, and that a decree for the amount, with costs, be entered in his favor against the defendant.